IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LYNETTE M. HARRIS** | * |
| Plaintiff, | * |
| v. | * Civil No. **PJM 17-2885** |
| **GREGORY N. BRITTO ET AL.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

On September 28, 2017, Lynnette Harris, *pro se*, filed a Complaint against Gregory Britto of Shapiro & Brown LLP ("Shapiro & Brown"), Wells Fargo Bank, N.A. ("Wells Fargo"), the Secretary of Housing & Urban Development ("HUD"), and TZ 101, LLC ("TZ 101") (hereinafter, collectively "Defendants") alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and committed common law fraud in connection with the foreclosure of her property located at 1703 Pine Cone Court, Bowie, Maryland 20721 (the "Property"). She seeks, among other things, actual and punitive damages, reversal of the foreclosure proceeding, and a declaratory judgment stating that Shapiro & Brown did not have legal or equitable interest that allowed them to foreclosure on the Property.

Three Defendants have filed Motions to Dismiss. On December 11, 2017, Wells Fargo filed a Motion to Dismiss. ECF No. 4. On January 24, 2018, TZ 101 filed a Motion to Dismiss, EDC No. 8, followed by Britto, who filed a Motion to Dismiss on January 29, 2018, ECF No. 10.

For the following reasons, the Motions to Dismiss are **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On or about November 30, 2007, Harris borrowed $313,635.00 from Gateway Funding Diversified Mortgage Services L.P. (the "Note") to purchase the Property. Exhibit B, Britto's Motion to Dismiss; ECF No. 10-3. She secured the Note with a deed of trust, which was recorded in the Lands Records of Prince George's County, Maryland on December 19, 2007 (the "Deed of Trust"). Exhibit C, Britto's Motion to Dismiss; ECF No. 10-4.

Between the time when Harris took out the mortgage in 2007 and November of 2012, the Note and Deed of Trust were assigned to Wells Fargo. *See* Exhibit D, Britto's Motion to Dismiss; ECF No. 10-5. On November 2, 2012, Wells Fargo filed an Appointment of Substitute Trustees with the Land Records of Prince George's County, naming the law firm of Shapiro & Brown, at which Britto is a partner, as Trustees on the Deed of Trust. *Id.* Harris subsequently defaulted on her Note, and on December 14, 2012, Wells Fargo, through Shapiro & Brown, initiated foreclosure proceedings in the Circuit Court for Prince George's County, captioned as *Brown, et al., v. Lynette M. Harris*, Case No. CAE12-38886. Exhibit E, Britto's Motion to Dismiss; ECF No. 10-6. Although the foreclosure case was stayed as a result of multiple bankruptcy filings by Harris,[1] the Property was eventually sold on April 22, 2014, and the sale was ratified by the Prince George's County Circuit Court on November 3, 2014. *Id*.

On May 2, 2016, Harris filed a Motion in the Circuit Court to Reopen the Case and Void Judgment, which the Circuit Court denied. *Id*. On February 7, 2017, Harris filed a Second Motion to Reopen the case with that court, which was also denied. *Id*.

---

[1] During the foreclosure actions, Ms. Harris filed four separate bankruptcy cases, all of which were dismissed without a discharge for procedural irregularities. *See In re: Lynette Harris*, Case No. 13-21587 (Chapter 7), filed July 8, 2013 and dismissed August 13, 2013; *In re: Lynette Harris*, Case No. 13-27294 (Chapter 7), filed October 11, 2013 and dismissed October 30, 2013; *In re: Lynette Harris*, Case No. 14-13248 (Chapter 7), filed March 4, 2014 and dismissed April 3, 2014; *In re: Lynette Harris*, Case No. 15-19548 (Chapter 13), filed July 8, 2015 and dismissed August 17, 2015.

Rather than appeal the Circuit Court's judgment, on September 28, 2017, Harris filed the present Complaint in federal court, alleging that Shapiro & Brown, through Britto, violated the FDCPA by making false statements to her in an attempt to collect on the Note, and that their communications to her constitute common law fraud. ECF No. 1. She seeks, among other things, a declaratory judgment that Shapiro & Brown had no legal standing or interest in either the Note or Deed of Trust and therefore could not have properly executed the foreclosure proceeding, a reversal of the foreclosure decision, damages "for the slander of Plaintiff's title to land" and "for libel to Plaintiff's credit," and compensatory damages for emotional distress. *Id.*

On October 11, 2017, summonses were issued for Britto, Wells Fargo, the Secretary of HUD,[2] and TZ 101. ECF No. 3. While Britto, Wells Fargo and TZ 101 have entered appearances in the case, the Secretary has not, nor has any proof of service upon him been filed.

On December 11, 2017, Wells Fargo filed a Motion to Dismiss, arguing that the Complaint fails to assert any allegations regarding either it or its representatives, nor does it allege with appropriate specificity that Wells Fargo committed fraud or violated the FDCPA. ECF No. 4. On December 14, 2017, the Clerk of this Court mailed Harris a Rule 12/56 letter advising her that the Motion had been filed and providing her instructions as to the filing of an Opposition. ECF No. 6. When Harris failed to respond in timely fashion, the Court issued a letter directing her to respond within fifteen (15) days or risk having the Motion considered without the benefit of her arguments. ECF No. 7.

Before Harris responded, Defendants TZ 101 and Britto filed their own Motions to Dismiss. ECF Nos. 8 & 10. TZ 101 argues that the Complaint is devoid of any factual allegations against it, while Britto argues that the allegations against him and Shapiro & Brown are entirely

---

[2] The Summons for the Secretary of Housing and Urban Development was addressed to: Secretary of Housing and Urban Development, 4400 Will Rogers Parkway, Suite 300, Oklahoma City, OK 73108-1837.

conclusory in nature and fail to articulate an actionable claim. *Id.* Copies of both Motions were mailed to Harris with Rule 12/56 letters, again advising Harris of her right to respond to the Motions. ECF Nos. 9 & 11.

On February 12, 2018, Harris responded to all three Motions, asking for a seventeen (17) day extension of time to file oppositions and to seek counsel, as well as for leave to file an amended pleading, which the Court received and docketed on February 14, 2018. ECF No. 14. On March 9, 2018, the Court granted Harris' Motion and gave her thirty (30) additional days from February 14, 2018 (i.e. by no later than March 14, 2018) to file responses to the pending Motions, and seventeen (17) days from February 12, 2018 (i.e. by no later than March 1, 2018) to file an amended pleading and find representation. ECF No. 17.

On March 9, 2018, rather than file responses to the Motions or an amended pleading, Harris again requested an extension of time to file her responses to the Motions and for leave to file an amended complaint. ECF No. 18. The Court, recognizing that Harris may not have received a copy of its Order granting her first request, consented to giving her an additional seventeen (17) days to file an amended complaint, and thirty-one (31) days to file any responses to Defendants' outstanding Motions. ECF No. 20. Harris's responses were due on April 23, 2018.

As of the date of this Opinion, May 2, 2018, Harris has filed neither responses nor amended pleadings either with the Court or Defendants. Accordingly, the Court considers the arguments that are on the record at this time in light of the facts alleged in the Complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he] is entitled

4

to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). However, "[a] plaintiff does not satisfy Rule 8 when the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong.'" *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 455 (D. Md. 2005) (quoting *Appalachian Enterprises, Inc. v. Epayment Solutions Ltd.,* 2004 WL 2813121, at *6 (S.D.N.Y.2004)).

Additionally, claims for fraud must meet the heightened pleading standard of Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Thus, a plaintiff alleging claims that sound in fraud must, at a minimum, describe the "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (internal quotation marks omitted).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). But this standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In the end, the complaint must contain factual allegations sufficient to

apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)). Accordingly, although the facts alleged in a pro se plaintiff's complaint must ordinarily be taken as true, bare conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac*, *Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

### III. ANALYSIS

### A.

The Motions to Dismiss filed by Wells Fargo and TZ 101 assert the same grounds for dismissal. Accordingly, the Court considers these two Motions together.

Wells Fargo seeks dismissal of the claims against it on the grounds that Harris, among other things, has failed to set forth any basis for the Court's jurisdiction and has failed to state a claim upon which relief can be granted as required by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(1) & (a)(2)("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction" and a "short and plain

6

statement of the claim showing the pleader is entitled to relief . . . "); ECF No. 4. Wells Fargo argues that, "except for its name appearing in the caption, there is not a single reference to, allegation about, or claim against Wells Fargo in the Complaint." ECF No. 4.

TZ 101 puts forth a similar argument, noting that Harris has not presented any allegations relating to it or describing its role in the foreclosure of the Property. ECF No. 8 ("[T]here is not a single factual allegation against TZ, Wells Fargo or HUD."). Accordingly, both Wells Fargo and TZ 101 argue that the claims against them should be dismissed. The Court agrees.

Not only has Harris failed to set forth allegations that, when taken as true, constitute a "short and plain statement" describing how these two Defendants acted in any way that entitles her to relief, she has failed to put forth any allegations at all concerning them. She has not described their interests in the property, what actions they took regarding the foreclosure, nor what communications they made to her that would give rise to a violation of the FDCPA. Nor has she pleaded with particularity any facts regarding these two Defendants that would meet the higher pleading standards for claims of common law fraud.

Quite simply, Harris has failed to state a claim against Wells Fargo and TZ 101 upon which relief can be granted. In consequence, the Court will dismiss those allegations with prejudice.

**B.**

Next, the Court considers the Motion to Dismiss filed by Britto. ECF No. 10. Harris filed her Complaint against Britto in his individual capacity as an attorney who represented Wells Fargo in the foreclosure action, even though the allegations only refer to the alleged wrongdoings of Britto's law firm, Shapiro & Brown. Harris asserts that Shapiro & Brown

7

violated the FDCPA and committed common law fraud in connection with the foreclosure of the Property.

Specifically, Harris alleges that Shapiro & Brown violated the FDCPA by making "false statements, and knowingly produc[ing] fraudulent documents in [an] attempt to deceive [her] and enforce an unenforceable Security Deed." ECF 1 ¶ 16. She claims that at some point, the law firm "separated/split" the Note from the Deed of Trust and changed the loan number on the Note without her signature or authorization. *Id.* ¶¶ 7-8. The new Note, with the new loan number, "is not connected to [Harris]," and constitutes a "misrepresentation and violation" of the FDCPA. *Id.* ¶ 9. Harris further claims that she disputed her indebtedness in writing to Brown & Shapiro. *Id.* ¶ 14.

Shapiro & Brown respond that Harris has failed to state a claim under the FDCPA. First, they argue that the allegations only refer to actions by Shapiro & Brown during the foreclosure process, not by Britto as an individual, and therefore the Complaint should be dismissed as to him. ECF No. 10-1 at 4. They further contend that, even if the allegations could be read to apply to Britto individually, Harris's claim still fails because she has not alleged any specific actions by him that would give rise to an FDCPA violation. *Id.* at 8. The Court agrees.

"To succeed on a FDCPA claim a plaintiff must demonstrate that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quotation and citation omitted). Although Harris does not specify which provision of the FDCPA she is suing under, it appears that her allegations regarding Shapiro & Brown's "misrepresentation" falls under § 1692e, which prohibits a debt collector from using false,

8

deceptive, or misleading representations in connection with the collection of a debt. 15 U.S.C.A. § 1692e (West).[3]

Harris has failed to provide any factual allegations that, if proven, would plausibly establish that Shapiro & Brown—or Britto, for that matter—engaged in activities prohibited by § 1692e. To the contrary, the Complaint contains purely conclusory allegations that Shapiro & Brown falsified the Note, which she maintains constituted a "misrepresentation," but offers no specific details regarding Harris' debt. *See Hill v. Wilmington Fin., Inc.,* 2013 WL 4659704, at *4 (D. Md. Aug. 29, 2013) (dismissing plaintiff's claim that lacked detail regarding "time, dates, conduct or actors involved in any violation of the FDCPA"). Indeed, the only factual information regarding Harris's debt that the Court has gleaned thus far was provided by Defendants themselves in their Motions to Dismiss (for example, the amount of the debt, when it was purchased by Wells Fargo, and when Shapiro & Brown were appointed as trustees) or discovered by the Court during an independent review of the docket for *Brown, et al., v. Lynette M. Harris*, Case No. CAE12-38886. Even with this additional information, however, there are insufficient factual allegations to support a plausible claim for relief under the FDCPA.

Harris also alleges that Shapiro & Brown's actions during the foreclosure proceeding constituted common law fraud.

"To state a fraud claim a plaintiff must allege five elements with particularity: (1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement,

---

[3] § 1692e specifically prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt" or from implying that nonpayment of a debt will result in the "seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." *Id.* §§ 1692e(2)(A), (4).

and (5) the plaintiff was damaged as a result." *Marchese v. JPMorgan Chase Bank, NA.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013) (internal citations omitted). Rule 9(b) "requires a plaintiff to plead with particularity the circumstances constituting fraud," including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Spaulding v. Wells Fargo Bank, NA.*, 714 F.3d 769, 781 (4th Cir. 2013) (internal quotations and citations marks omitted); *Biktasheva v. Red Square Sports*, 366 F.Supp.2d 289, 295 (D. Md. 2005).

Harris appears to assert that Shapiro & Brown and Britto colluded to willfully defraud her of her interest in the Property. In support of this accusation, Harris states that she "believes" Defendants do not have proper chain of title and that she "believes" the documents filed are illegitimate. However, Harris does not support these beliefs with details, such which Defendants participated in the fraud or where and when the illegitimate documents were filed. Such barebones allegations are insufficient to satisfy the heightened pleading standard for fraud claims.

The short answer is that these claims, insufficient on their face, are barred by the doctrine of res judicata. Whether or not the claims were actually raised in the foreclosure proceeding, they could have been. As such, they are barred by res judicata and cannot be raised in this Court. *Bullock v. Ocwen Loan Services, LLC, et al.*, Civ. No. PJM 14-3836 2015 WL 5008773 at *5, 7 (D. Md. Aug. 20, 2015)(holding that res judicata bars claims that "could have been raised" in a prior suit and finding plaintiff's FDCPA claim barred when state court previously "overruled [plaintiff]'s exceptions to the foreclosure sale, denied [plaintiff]'s motion to alter or amend the judgment, issued an order ratifying the foreclosure sale, issued an order ratifying the report of the auditor, and closed the case").

**C.**

The remaining Defendant is the Secretary of Housing and Urban Development. On October 11, 2017, a Summons was issued for the Secretary at 4400 Will Rogers Parkway, Suite 300, Oklahoma City, OK 73108-1837. ECF No. 3. As of the date of this Opinion, Harris has not filed proof of service for the Secretary, nor has he entered an appearance in the case.

"To serve a United States officer or employee for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under [the appropriate Federal Rule of Civil Procedure]." Fed. R. Civ. P. 4(i)(3). The time limit for service is 90 days after the complaint is filed, after which the Court, by motion or on its own after notice to the plaintiff, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Harris failed to properly effectuate service of process on the HUD Secretary. Although she may have properly served the Secretary personally under Rule 4(e) of the Federal Rules of Civil Procedure (Serving an Individual Within a Judicial District of the United States), she did not concurrently serve the United States. Furthermore, she did not filed proof of service within the 90 day time limit provided by Rule 4(m), entitling the Court to dismiss her Complaint without prejudice and/or provide her with additional time to properly serve the Secretary.

At this juncture, it is not necessary to give Harris another opportunity to serve the HUD Secretary, either through a dismissal without prejudice or a grant of additional time. Even if Harris were to properly serve the Secretary, a review of the Complaint shows that she has failed to state a claim against him, either in his individual or official capacity. As with Wells Fargo and

TZ 101, there is no mention of the Secretary in the Complaint aside from the case caption. Granting Harris another opportunity to properly serve him would not cure this deficiency in the pleadings. In a word, permitting service on the Secretary would be futile. Accordingly, the claims against the Secretary of Housing and Urban Development will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo's Motion to Dismiss (ECF No. 4) is **GRANTED WITH PREJUDICE**, TZ 101, LLC's Motion to Dismiss (ECF No. 8) is **GRANTED WITH PREJUDICE**, and Britto's Motion to Dismiss (ECF No. 10) is **GRANTED WITH PREJUDICE**. The claims against the Secretary of Housing and Urban Development are **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**May 2, 2018**